IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS J. BURROUGHS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., BANK OF NEW YORK MELLON, *Trustee for CWALT, Inc. 2005-33CB, a Delaware Corporation also known as Countrywide, formerly known as American Mortgage Network;* MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, *also known as MERS*; INVITATION HOMES, *also known as Blackstone Group also known as Riverstone Residential also known as IH3 Property Georgia, LP*, and IH3 PROPERTY GEORGIA, L.P.,<br><br>　　　　Defendants. | CIVIL ACTION FILE NO.<br><br>1:14-CV-01129-JEC-GGB |

## **FINAL REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on Plaintiff's Affidavit and Request to Proceed *in forma pauperis* ("IFP") and proposed complaint. [Docs. 1 & 1-1].

After consideration of Plaintiff's affidavit of indigency, I find that Plaintiff meets the financial requirements for IFP status and **GRANT** his request to proceed IFP

pursuant to 28 U.S.C. § 1915(a). However, the Court must also determine whether Plaintiff's proposed complaint is frivolous or fails to state a claim on which relief may be granted, and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Court must also determine whether subject matter jurisdiction exists. A court must dismiss an action if "the court determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

## I. **DISCUSSION**

Although it is not immediately clear from Plaintiff's proposed complaint, Plaintiff appears to be asking the court to enjoin the defendants from evicting him from 1531 Boulder Walk Drive, S.E., Atlanta, Georgia, 30316 (the "Property") following a foreclosure sale that apparently took place on January 7, 2014. [Doc. 1-1, Compl.,

2

at 2]. The complaint also seeks declaratory and equitable relief, as well as monetary damages stemming from four causes of action: Fraud (Count One); Wrongful Foreclosure (Count Two); Civil Conspiracy (Count Three); and Theft by Deception and *Cremin Falsi* (Count Four). [Id. at 12, 17, 23, 26, 30-31]. All are based on state law claims.

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

### A. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, they have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim. Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Where, like here, a plaintiff files a claim in federal court, it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

3

From the court's review of Plaintiff's proposed complaint, Plaintiff has failed to allege sufficient facts to establish subject matter jurisdiction. The complaint alleges that this court "has subject matter jurisdiction over this action because the matter involves Georgia real property and foreclosure Rules and statutes." [Compl. ¶ 8]. However, Plaintiff has failed to allege or show that this court has subject matter jurisdiction either on the basis of federal question or diversity jurisdiction.

Plaintiff's complaint fails to allege a basis for invoking federal question jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See 28 U.S.C. § 1331; Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). To find federal question jurisdiction on the face of the plaintiff's complaint, the plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law. Cotton v. Prudential Ins. Co. of Am., 391 F. Supp. 2d 1137, 1139 (N.D. Fla. 2005) (citation omitted).

Here, the allegations in Plaintiff's complaint all pertain to alleged state law violations stemming from the purported wrongful foreclosure of the Property in

January 2014, with the following exceptions. The complaint contains one single allegation alleging that Plaintiff was not advised of his right to the three-day right of rescission provided under section 1635 of the Truth in Lending Act ("TILA"). [Compl. ¶ 19]. However, the record indicates that Plaintiff obtained the subject loan in 2005. Thus, to the extent he seeks to assert a claim under TILA, any such claim is time-barred. See 15 U.S.C. § 1635(f) ("the obligor's right of rescission shall expire three years after the date of consummation of the transaction").

Plaintiff's prayer for relief also makes a passing reference to several federal statutes, including the Consumer Credit Protection Act, Regulation Z, and the Fair Debt Collection Act. [See Compl. at 30-31]. However, none of Plaintiff's references rely on even the interpretation of federal law, much less a cause of action created by federal law or a substantial question of federal law. Nor does the complaint contain any factual support for a federal cause of action under any of the referenced statutes or a claim or right arising under the U.S. Constitution. The Eleventh Circuit has held, under similar circumstances, that district courts should not exercise federal question jurisdiction. See, e.g., Madzimoyo v. The Bank of New York Mellon Trust Co., N.A., 440 F. App'x 728, 730-31 (11th Cir. 2011) ("'[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,'

AO 72A
(Rev.8/82)

even where the interpretation of federal law may constitute an element of the state cause of action.").

Plaintiff has also failed to establish diversity jurisdiction. District courts have diversity jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000"; and (2) the dispute is between "citizens of different States." 28 U.S.C. § 1332(a)(1); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010). The party commencing suit in federal court has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. See Fed. R. Civ. P. 8(a)(1); McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). See also Bio-Med. Applications of Ga., Inc. v. City of Dalton, Ga., 685 F. Supp. 2d 1321, 1339 (N.D. Ga. 2009).

Several of the named defendants appear to be corporations, including Bank of America, N.A., Bank of New York Mellon, and MERS. A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Allegations of citizenship regarding corporations "must set forth the state of incorporation as well as the principal place of business...." Bio-Med. Applications, 685 F. Supp. 2d at 1339 (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted); *accord* McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006);

Ryan v. Flame Refractories, Inc., 759 F. Supp. 774, 776-77 n.3 (S.D. Ala.1991)). "A pleading is insufficient for jurisdictional purposes when it lacks an allegation of both a corporation's state of incorporation and the location of its principal place of business." Id.

In Plaintiff's proposed complaint, Plaintiff alleges that Bank of America, N.A. is a foreign for-profit corporation "whose principal office address is 100 N Tryon St #170, Charlotte, NC 28202," but fails to mention where Bank of America, N.A. was incorporated. [Compl. ¶ 12]. Similarly, the complaint alleges an address for Bank of New York Mellon in New York, but fails to mention where it was incorporated and where it has its principal place of business. [Id. ¶ 13].

Plaintiff's complaint alleges that the law firm "D'Kelly & Sorohan" (sic) is a law firm incorporated in the State of Georgia, the firm's address is 2170 Satellite Blvd, Suite 375, Duluth, Georgia, 30097, and the firm represents defendant Invitation Homes, a subsidiary of Blackstone Group, LP, also known as Riverstone Residential, which is located at 950 North Point Parkway, Suite 350, Alpharetta, Georgia, 30005. [Compl. ¶ 14]. This allegation of citizenship is deficient for several reasons. First, the law firm is not a named defendant in this lawsuit. Second, even if it were, Plaintiff treats its citizenship as if it were a corporation. However, it is not. As indicated by its correct name O'Kelley & Sorohan, Attorneys at Law, LLC (as registered with the

7

Georgia Secretary of State), the law firm is a limited liability company. [Doc. 1-2 at 5]. For purposes of diversity jurisdiction, a party must list the citizenships of all the members of the limited liability company. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff has failed to indicate where the members of O'Kelley & Sorohan are citizens. Even if he had, the complaint fails to plead citizenship of any of the defendant entities allegedly represented by O'Kelley & Sorohan.

IH3 Property Georgia, L.P. is listed as a named defendant. For purposes of 28 U.S.C. 1332, the citizenship of a limited partnership, as an artificial, unincorporated entity, is determined by the citizenship of each of the partners or members composing the organization. Branch Banking & Trust Co. v. Greenbriar Estates, LP, No. 7:13-CV-12 (HL), 2013 WL 432577, at *1 (M.D. Ga. Feb. 1, 2013) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 110 S. Ct. 1015, 108 L.Ed.2d 157; Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004)). As Plaintiff has not pled the citizenship of the members of the limited partnership, he has not properly pled citizenship for purposes of a diversity action.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction on the basis of diversity jurisdiction.

AO 72A
(Rev.8/82)

Even if this Court could properly exercise diversity jurisdiction, Plaintiff's complaint would still be subject to dismissal because Plaintiff has failed to state a plausible claim for relief under either federal or Georgia law.  In addition, many of the allegations are completely nonsensical.  [See, e.g., Compl. ¶ 41 ("There exists no contract between the Plaintiff and the Defendant.  Therefore the record that the Defendants are basing their defense upon is a ***nul tiel*** record and the basis of the lenders defense claim of rights is ***crimen falsi*** from the beginning."); and ¶ 29 ("Regarding the matter of Fraud, it is apparent that the jostling of accounting maneuvers created by the availability of the Plaintiff's signature accelerated Fraud.  Fraud commenced when full disclosure did not occur and no consideration was provided from the lender in the form of a loan of money.")].  Plaintiff's often indecipherable allegations are replete with legal conclusions, non-sequiturs, and descriptions of alleged unlawful activities taken by unidentified parties.  To the extent Plaintiff's factual allegations can be discerned, they are far from sufficient to support any of the claims that Plaintiff has asserted against the defendants in this action with regard to the Property at issue in this case.  Even as construed liberally for a *pro se* plaintiff, Plaintiff's complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a) and, with regard to Plaintiff's allegations of fraud, the heightened pleading requirements of Rule 9(b).

AO 72A
(Rev.8/82)

## B. Fraud (Count One)

Under Georgia law, to recover for fraud, a plaintiff is required to show five elements: (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance. Harrouk v. Fierman, 291 Ga. App. 818, 822, 662 S.E.2d 892, 895 (2008) (citation omitted). Rule 9 of the Federal Rules of Civil Procedure requires a party alleging fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b).

Applying these rules, Plaintiff's complaint fails to state a plausible claim for fraud. Plaintiff has failed to identify any false statement made to him by any specific defendant which was intended to deceive him or induce any action on his part, or upon which he reasonably relied to his detriment. See WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud."). To the extent that Plaintiff's complaint makes passing references to fraudulent assignment documents, fraudulent concealment, fraud by silence, and fraudulent procurement of his note, the allegations are without sufficient factual or legal support, and are due to be dismissed for failure to satisfy the rudimentary pleading requirements

of Rule 8(a) and the heightened pleading requirements of Fed. R. Civ. P. 9(b).

**C.     Wrongful Foreclosure (Count Two)**

Plaintiff has also failed to state a plausible claim for wrongful foreclosure against any particular defendant. To state a viable claim for wrongful foreclosure under Georgia law, a plaintiff must allege a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Heritage Creek Dev. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).

In Count Two of Plaintiff's complaint, Plaintiff generally alleges, in conclusory fashion, that "Defendants did not have the right to foreclose, thereby foreclosed wrongfully. There have been numerous problems with Notary Publics robo-signing attestation clauses, the document signed without the Notary present; Notary Publics robo-signing attestation clauses prior to obtaining a lawful commission." [Compl. ¶ 52]. Plaintiff further alleges that the "purported assignments do not comply with Georgia law, because the assignment of the security deed did not satisfy the attestation formalities prescribed by O.C.G.A. § 44-14-33 and a proported [sic] assignment is not a valid assignment under Georgia law." [Id. ¶ 60]. However, Plaintiff has failed to identify any particular defendant to which he refers, or which assignment in this case allegedly failed to comply with Georgia's attestation formalities, and in what manner.

11

Instead, Plaintiff merely describes and misstates Georgia law concerning actions for wrongful foreclosure without ever actually stating a claim against any specific named defendant. For the reasons stated, Plaintiff has failed to state a plausible claim for wrongful foreclosure.

Plaintiff is also unable to receive the equitable relief he seeks for his wrongful foreclosure claim because he has not alleged that he paid or tendered the amount outstanding on his loan or otherwise cured his default. Hill v. Filsoof, 274 Ga. App. 474, 475-76, 618 S.E.2d 12 (2005); Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 849-51, 583 S.E.2d 844 (2003).

**D.    Civil Conspiracy (Count Three)**

Plaintiff alleges in Count Three of his complaint that Defendant MERS and its parent company, MERSCORP, at the direction of its founding shareholders and other parties, "colluded to create a fictitious corporation, designed and designated a 'bankruptcy remote' vehicle, acting at all times as a strawman ... to avoid paying county clerk filing fees which are routinely required when recording any type of transfers of security deeds." [Compl. ¶ 71]. Plaintiff makes a number of allegations regarding MERS's status under the security deed as "nominee," and generally alleges that the role of MERS is not properly disclosed to borrowers in their loan documents. [Id. ¶ 77]. Plaintiff also alleges that MERS was not the secured creditor of his security

12

interest because "the improperly attested assignment conveyed no legal interest in the subject property." [Id. ¶ 83].

Georgia law does not recognize an independent civil conspiracy cause of action. See Williams v. Scott, No. 1:13-CV-3567-TWT, 2014 WL 916556, at *3 n.3 (N.D. Ga. Mar. 7, 2014) (citing Savannah Coll. of Art & Design, Inc. v. School of Visual Arts of Savannah Inc., 219 Ga. App. 296, 297, 464 S.E.2d 895 (1995) ("Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action.")). Rather, conspiracy may be used as a theory to impose civil liability upon parties for the tortious acts of their co-conspirators. Id.

In order for Plaintiff to state or establish a claim for civil conspiracy, he must show "two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy." See Lawal v. RTM, 260 F. App'x 149, 153 (11th Cir. 2006) (citing Mustaqeem-Graydon v. SunTrust Bank, 258 Ga. App. 200, 573 S.E.2d 455, 461 (2002) (quotations and citations omitted)).

Here, Plaintiff has not alleged that MERS, acting in concert, engaged in conduct that constitutes a tort, or any factual support for such a claim. Therefore, he cannot establish a civil conspiracy. This claim fails as a matter of law, and is therefore due to be dismissed.

### E. Theft by Deception and *Cremin Falsi* (Count Four)

In Count Four of his complaint, Plaintiff alleges that Bank of America, N.A. and MERS committed the offense of theft by deception when they misrepresented themselves as creditors for undeserved gain. [Compl. at 26-28].

Under Georgia law, a person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. See O.C.G.A. § 16-8-3. O.C.G.A. § 16-8-3, however, is a criminal statute. "[T]he violation of a criminal statute 'does not automatically give rise to a civil cause of action.'" Am. Gen. Life and Accident Ins. Co. v. Ward, 509 F. Supp. 2d 1324, 1330 (N.D. Ga. 2007) (quoting Oswald v. Am. Nat'l Can Co., 194 Ga. App. 882, 392 S.E.2d 26, 27 (1990)). For there to be civil liability under a criminal statute, the statute must evidence intent to create a private cause of action. See id. ("[W]here a criminal statute evidences no intent to create a private cause of action, civil liability 'must be determined under the applicable provisions of state tort law,' if any." (alteration in original omitted) (quoting Rolleston v. Huie, 198 Ga. App. 49, 400 S.E.2d 349, 351 (1990))). Because O.C.G.A. § 16-8-3 does not purport to create a private cause of action, a claim under this statute is without legal basis. Plaintiff's claim pursuant to this Georgia criminal statute, therefore, warrants dismissal for failure to state a claim for which relief may be granted.

14

**F.     Declaratory Relief**

In his prayer for relief, Plaintiff seeks a judicial determination and declaration that Plaintiff is entitled to rescission of his entire mortgage and promissory note "amounting to clear title to the property with fixtures as a result of the aforementioned averments." [Compl. at 31]. He further seeks a declaration that the defendants and their successors and assigns have violated the Consumer Credit Protection Act, Regulation Z, 12 C.F.R. § 226.21, and the Fair Debt Collection Act. [Id.].

Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct." Henderson v. Alverson, 217 Ga. 541, 541, 123 S.E.2d 721 (1962); see also Sullivan v. Div. of Elections, 718 F.2d 363, 365 (11th Cir. 1983) (stating that a "district court can grant declaratory relief only if there is 'a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.'"). A court may not "enjoin conduct which is neither threatened nor imminent." Sullivan, 718 F.2d at 365 (citing Congress of Racial Equality v. Douglas, 318 F.2d 95, 100 (5th Cir. 1963)).

In this case, Plaintiff's complaint does not allege any future act or conduct about which he is uncertain. It is undisputed that the Property was foreclosed on in January

2014. Plaintiff has identified no conduct which is either threatened or imminent. Accordingly, Plaintiff is not entitled to a declaratory judgment.

## II. CONCLUSION

For the reasons stated, I **RECOMMEND** that this action be **DISMISSED without prejudice** as frivolous and for failure to state a claim on which relief may be granted. Plaintiff's complaint also fails to establish that this court has subject matter jurisdiction. Plaintiff's request to proceed IFP is **GRANTED** solely for purposes of dismissal.

**IT IS SO ORDERED AND RECOMMENDED**, this 7th day of May, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)