***EXHIBIT FOR LINE ITEM 14***

sought damages from the company's directors due to alleged breaches of their fiduciary duty and for gross mismanagement by concealing information about defects in the recording of mortgages from the public.[28]

The San Francisco Office of the Assessor-Recorder funded an analysis of mortgage loans to determine the nature and extent of documentation problems in transactions that resulted in foreclosure in the city and county between January 2009 and October 2011.[29] Astonishingly, the Office identified apparent violations of California law in 84% of the loans.[30] Related to the careless handling of assignments of deeds of trust, the Office found that in 27% of the subject loans, evidence suggested that the original or prior owner of the mortgage loan may not have signed the assignment and instead it was signed by an employee of another entity; 11% of the time, the assignee signed as the assignor; and, in 6% of the files, two or more conflicting assignments were recorded, making it impossible for either to be legally valid.[31]

Legal scholars provide additional evidence of the slipshod handling of the notes and mortgages. For example, Professor Levitin examined a small sample of foreclosure complaints filed in Allegheny County, Pennsylvania, in May 2010 and found that the loan note was not filed with the complaint in over 60% of the cases.[32] His study found that "[f]ailure to attach the note appears to be routine practice for some of the foreclosure mill law firms, including two that handle all of Bank of America's foreclosures."[33] He concluded that those foreclosure complaints were facially defective.[34]

---

[28] Shareholder Derivative Complaint at 1, O'Hare v. Moynihan, No. 11103729 (N.Y. Sup. Ct. Mar. 28, 2011).

[29] CITY AND COUNTY OF SAN FRANCISCO OFFICE OF THE ASSESSOR-RECORDER, FORECLOSURE IN CALIFORNIA: A CRISIS OF COMPLIANCE (2012), http://www.sfassessor.org/modules/showdocument.aspx?documentid=1018 [hereinafter SF ASSESSOR REPORT]. The Office randomly selected 382 residential mortgage loan transactions. *Id.* at 18. It hired Aequitas Compliance Solutions, Inc., a mortgage regulatory compliance consulting firm, to conduct the file review and report the findings. *Id.* at 19.

[30] *Id.* at 1.

[31] *Id.* at 6–7. Deeds of trust are the most common security agreements used in California in residential transactions. They are three-party instruments in which the trustor (borrower) conditionally conveys title to a third party trustee who holds it as security for the debt owed to the beneficiary (lender). *See infra* Part VI.

[32] *Robo-Signing, Chain of Title, Loss Mitigation, and Other Issues in Mortgage Servicing: Hearing Before the Subcomm. on Hous. and Comty. Opportunity of the H. Fin. Servs. Comm.*, 111th Cong. 105, at 18 (2010) (statement of Adam J. Levitin, Associate Professor of Law, Georgetown University Law Center) [hereinafter Levitin Testimony], http://financialservices.house.gov/Media/file/hearings/111/Levitin111810.pdf.

[33] *Id.*

[34] *Id.*

[redacted] DEED BOOK 22569 Pg 388

Filed and Recorded:
7/27/2011 11:[illegible]:22 AM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

This space for Recorder's use

[redacted]
DocID# [illegible]

Property Address:
1531 BOULDER WALK DRIVE
ATLANTA, GA 30316
[illegible]

Recording Requested By:
Bank of America
Prepared By:
Cecilia Rodriguez
800-[illegible]-9011
450 E. Boundary St.
Chapin, SC 29036

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #: 100131[illegible]-4 MERS Phone #: 888-679-6377

# ASSIGNMENT OF SECURITY DEED

For Value Received, the undersigned holder of a Security Deed (herein "Assignor") whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWALT, INC.,ALTERNATIVE LOAN TRUST 2005-33CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-33CB whose address is 101 BARCLAY ST - 4W, NEW YORK, NY 10286-all beneficial interest under that certain Security Deed described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed.

| | |
|---|---|
| Original Lender: | AMERICAN MORTGAGE NETWORK, INC., A DELAWARE CORPORATION |
| Made By: | NICHOLAS BURROUGHS |
| Date of Security Deed: | 3/31/2005 |
| Original Loan Amount: | $202,400.00 |

Recorded in DeKalb County, GA on: 4/5/2005, book 17279, page 18 and instrument number 2005-0072626

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Security Deed to be executed on 7·21·11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: ______________________
Cynthia Stories, Assistant Secretary

By: ______________________
Dominique Johnson, Assistant Secretary

______________________
Witness: Chester Lovings

State of California
County of Ventura

On 7/21/11 before me, George A. Pineda, Notary Public, personally appeared Cynthia Stories and Dominique Johnson, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GEORGE A. PINEDA
COMM. [illegible]
Notary Public - California
Los Angeles County
My Comm. Expires [illegible]

Notary Public: George A. Pineda
My Commission Expires: [illegible]

(Seal)

[redacted] DEED BOOK 22688 Pg 598
Filed and Recorded:
10/21/2011 12:01:55 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

FILE NO.: BAC-11-00937

RECORD AND RETURN TO:
RUBIN LUBLIN SUAREZ SERRANO, LLC
3740 Davinci Court, Suite 400
Norcross, GA 30092

CROSS INDEX TO DEED BOOK 17279, PAGE 18, BOOK 22559 PAGE 388 DEKALB COUNTY, GEORGIA RECORDS

**CORRECTIVE TRANSFER AND ASSIGNMENT OF DEED TO SECURE DEBT**

**THIS CORRECTIVE ASSIGNMENT IS BEING RECORDED FOR PROPER EXECUTION OF THE CERTAIN ASSIGNMENT RECORDED 07/27/2011 IN DEED BOOK 22559 PAGE 388, DEKALB COUNTY, GEORGIA RECORDS.**

MERS MIN Number: 1001310-2050303035-4

STATE OF California

COUNTY OF Ventura

FOR VALUE RECEIVED Mortgage Electronic Registration Systems, Inc. as nominee for AMERICAN MORTGAGE NETWORK, INC., A DELAWARE COPRORATION, as Assignor, has transferred, sold, assigned, conveyed and set over to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-33CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-33CB, as Assignee, whose address is 7105 Corporate Drive, PTX-A-274, Plano, TX 75024 its successors, representatives and assigns all of the assignor's right, title and interest in and to that certain Deed to Secure Debt (or Security Deed), executed by NICHOLAS BURROUGHS to Mortgage Electronic Registration Systems, Inc. as nominee for AMERICAN MORTGAGE NETWORK, INC., A DELAWARE COPRORATION, dated March 31, 2005, and recorded April 5, 2005, in Deed Book 17279, Page 18, in the Office of the Clerk of the Superior Court of DeKalb County, Georgia.

The Assignor herein specifically sells, assigns, transfers and conveys to the Assignee, its successors, representatives and assigns the aforementioned Security Deed and property described therein, the indebtedness secured thereby, together with all the rights, title, interest, powers, options, privileges and immunities contained therein.

The Assignor herein has sold and assigned to the Assignee the aforementioned Security Deed and this transfer is made to secure the Assignee, its successors, representatives, and assigns in the payment of indebtedness. This Transfer and Assignment of Deed to Secure Debt may memorialize a transfer made by separate agreement(s), which may have occurred prior to this time.

IN WITNESS WHEREOF, the Assignor has hereunto affixed its hand and seal this 7 day of October, 2011.

Signed, Sealed and Delivered in the presence of:

Yonda Crain
Unofficial Witness (Required)
Youda Crain

[signature]
Unofficial Witness (Required)
Dora DeAnda

Mortgage Electronic Registration Systems, Inc. as nominee for AMERICAN MORTGAGE NETWORK, INC., A DELAWARE COPRORATION

By: [signature] (L.S.)
Print Name:
Title: Aida Duenas Assistant Secretary

By: [signature] (L.S.)
Print Name:
Title: Reno Rosales Assistant Secretary

(Corporate Seal)

State of California
County of Ventura

On Oct 7, 2011 before me, Eric Tway, Notary Public (insert name and title of the officer)

personally appeared Aida Duenas and Reno Rosales, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Signature: [signature] (Notary Seal)
My Commission Expires: Feb 7, 2013

ERIC T. WAY
Commission # 1835518
Notary Public - California
Los Angeles County
My Comm. Expires Feb 7, 2013

File No.: BAC-11-89927
1531 Boulder Walk Drive
8190THET
RECORD AND RETURN TO:
RUBIN LUBLIN, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
TEL (877) 813-0992

[redacted] DEED BOOK 24280 Pg 495
Filed and Recorded:
3/7/2014 2:12:43 PM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

Real Estate Transfer Tax $0.00

O'KELLEY & SOROHAN
ATTORNEYS AT LAW, LLC
2170 SATELLITE BLVD., STE 375
DULUTH, GEORGIA 30097

CROSS INDEX TO DEED BOOK 17279, PAGE 18, DEKALB COUNTY, GEORGIA RECORDS

STATE OF Pennsylvania

COUNTY OF Allegheny

**DEED UNDER POWER**

THIS INDENTURE, dated January 7, 2014, by **NICHOLAS BURROUGHS** ("Borrower") acting through his or her duly appointed agent and attorney in fact THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-33CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-33CB ("Lender") as Party of the First Part, and **IH3 PROPERTY GEORGIA LP A DELAWARE LIMITED PARTNERSHIP** as Party of the Second Part:

WITNESSETH:

WHEREAS, Borrower executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for AMERICAN MORTGAGE NETWORK, INC., A DELAWARE COPRORATION, that certain Security Deed dated March 31, 2005, and recorded April 5, 2005, in Deed Book 17279, Page 18, DeKalb County, Georgia Records, conveying the after-described property, as last transferred to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-33CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-33CB, by Assignment, if required, pursuant to O.C.G.A. §44-14-162, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of Two Hundred Two Thousand Four Hundred and 00/100 dollars ($202,400.00); and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Lender elected, pursuant to the terms of said Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, Lender did perform a diligent search of the Defense Manpower Data Center (DMDC) website for each known Borrower in compliance with the Service Members Civil Relief Act, and as such the foreclosure of this property is not subject to the provisions of 50 U.S.C. § 501, et seq.; and

WHEREAS, Lender did perform a diligent search of the bankruptcy records for each known Borrower and determined that Lender was not subject to an automatic stay in bankruptcy both at the time foreclosure proceedings commenced and the time the Property was sold; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in DeKalb County, Georgia, wherein the Sheriff carried his advertisement, namely The Champion Newspaper; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of The Champion Newspaper, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of January 7, 2014; and

File No.: BAC-11-09927

WHEREAS, Lender did expose said land for sale to the highest bidder for cash on the first Tuesday in January, 2014, within the legal hours of sale at the usual place for conducting Sheriff's sales in DeKalb County before the Courthouse door and offered said property for sale at public outcry to the highest bidder for cash when and where Party of the Second Part bid One Hundred Eighty-Three Thousand and 00/100 dollars ($183,000.00) and;

WHEREAS, said property was auctioned off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said Party's representatives, heirs, successors and assigns, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 110 OF THE 15TH DISTRICT, DEKALB COUNTY, GEORGIA, BEING LOT 27, BOULDER WALK, PHASE II, AS PER PLAT RECORDED IN PLAT BOOK 137, PAGES 29 THROUGH 34, INCLUSIVE, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE, BEING IMPROVED PROPERTY KNOWN AS 1531 BOULDER WALK DRIVE, ATLANTA, GA, 30316.

Together with all rights, members and appurtenances thereto, also all the estate, right, title, interest, claim or demand of Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed.

File No.: BAC-11-00927

TO HAVE AND TO HOLD the said property and every part thereof unto the Party of the Second Part and said Party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has affixed its hand and seal on this 4th day of February, 2014, to be effective as of the date first above written.

Signed, Sealed and Delivered in the presence of:

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-33CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-33CB AS ATTORNEY IN FACT FOR NICHOLAS BURROUGHS
BY: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, AS ATTORNEY IN FACT

[signature] 2-4-14
Unofficial Witness
Gregory David Churchill

[signature]
Notary Public

My Commission Expires June 27, 2016

(Notary Seal)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Christopher J Kopp, Notary Public
South Fayette Township, Allegheny County
My Commission Expires June 27, 2016

By: [signature] 2-4-14 (L.S.)
Title: Assistant Vice President
Brandon Lee Rhodes

Attest: [signature] 2-4-14 (L.S.)
Title: Assistant Vice President
[illegible]

(Corporate Seal)

## VERIFICATION

I, Plaintiff NICHOLAS BURROUGHS, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify. I have prepared and read the foregoing pleading, the facts stated therein are from firsthand knowledge and are true and correct.

I further depose while sworn and under penalty of perjury, that all Exhibits are true, correct, unaltered copies.

Subscribed and sworn to before me,
this 15th day of April, 2014

NOTARY PUBLIC,
State of Georgia

THOMAS SAO JUSU
Notary Public, Georgia
Dekalb County
My Commission Expires
February 06, 2017

Nicholas Burroughs
1531 Boulder Walk Drive SE
Atlanta, Georgia 30316

**AFFIDAVIT OF Nicholas J. Burroughs AS TO**
**The ACTIONS OF BANK OF AMERICA, N.A., MERS, COUNTRYWIDE aka CWALT, INC., Bank of New York Mellon, Blackstone Group, LP aka**
**Invitation Homes aka Riverstone Residential Group aka IH3 Property Georgia, L.P., A Delaware LTD Partnership.**

**AFFIANT'S LOAN NUMBER: 92234033**

**STATE OF GEORGIA**

**COUNTY OF DEKALB**

**Before me, the undersigned authority, personally appeared by Nicholas J. Burroughs ("Affiant"), who first being duly sworn, deposes and certifies that the following information is true:**

1. Affiant: Nicholas J. Burroughs, is more than (18) years of age, gives a personal account of the facts set forth in this Affidavit, stating truthfully to the facts and exhibits contained herein to the best of his knowledge and understanding.

2. On March 31, 2005 Mr. Burroughs purchased from Greenwood Homes, Inc., Land Lot 110 of the 15th District, DeKalb County, GA being Lot 27, Boulder Walk, Phase II, as per plat recorded in Plat Book 137, pages 29 through 34, inclusive, DeKalb County, Georgia records, which plat is incorporated herein and made part of hereof by reference, being improved property known as 1531 Boulder Walk Drive, Atlanta, GA, 30316 for $253,000.00 with twenty percent down. A Home Equity Line of credit was established with SunTrust for $25,000.00 in May 2005 to finish the basement, and the present day valuation with DeKalb County Property Appraisal Department places the property at a $152,100.00 assessment in June 2013. {Exhibit "A"}

3. In September 2005, the Human Resources Department I was employed with at AT&T was subjected to corporate downsizing, and my position was directly effected as a result, impacting my financial security. (Exhibit "B"}

4. On September 15, 2008 I receive correspondence from Bank of New York Mellon indicating they have lost my personal information while being transported to an off-site storage facility. Bank of America services my loan for Bank of New York Mellon, named largest Fund of Hedge Fund administrator. {Exhibit "C"}

5. In December 2008, Countrywide misplaces a check for $1,100.00. When taking issue with Countrywide Corporate executives at the Colony Square Peachtree Street business location, Mr. Burroughs was disrespectfully led into a room that had been used to entertain the staff for a holiday luncheon. Appalled with the stench of rotting leftovers strewn all over the table, Mr. Burroughs exited and was quickly accosted for not staying where he was ordered to wait. Taking issue with the lead manager, Mr. Burroughs indicates that he is not all surprised by their actions, as it directly echoes the way they do business. It goes without saying, that the check is never located or applied. {Exhibit "D"}

6. On May 29th, 2009 I was forced to file Chapter 7 Bankruptcy to avoid foreclosure June 2, 2009 after years of sustaining significant wage loss.
As soon as the option is given, I immediately attempt to apply for Home Affordable Modification Program only not to be given the opportunity to start the process in late 2010. I also contact SunTrust and resumed paying on my HELOC in an effort to rebuild my credit; however, as of January 2011, Bank of America claims to be missing required documents. Rather than admit to this, they offer the opportunity to reapply for the program. While making a good faith effort to continue communication with Bank of America, my home was improperly targeted by an agent of the bank to verify residence. Having no prior knowledge of this, I was taken aback by what sounded like an intruder attempting to break into my home. Throughout the remainder of the year, I suffered lengthy telephone calls with subcontractors in India designated by Bank of America as intake agents well known for their inability to effectively communicate and track documentation. Plaintiff is yet again forced to file Chapter 13 to stop the fraudulent foreclosure sale of his property in December 2011. {Exhibit "E"}

7. Having spent the better part of 2012 with negotiations in limbo because of extensive government investigations and public outcry, Bank of America and others observe a foreclosure moratorium nationwide. Having no access to representation to further my cause, Plaintiff is forced once again to file for bankruptcy to stop the fraudulent foreclosure of his home. On January 2, 2013 at 9:10am Case No. 13-50086 is filed, yet Bank of America unlawfully sells the property to Riverstone Residential Group, and I am harassed by correspondence delivered directly to my home in a way that intimidates, threatens, and attempts to encroach on my right to domestic tranquility. Riverstone Residential is affiliated with Blackstone Group and formed Invitation Homes when the public became aware of Riverstone's fraudulent business practices. Blackstone Group, LP is a private equity firm that has pumped over $8Billion into a scheme to create another real estate bubble and become massive land owners, game the markets, and securitize rent like mortgage backed securities.
{Exhibit "F"}

8. Beginning April 15, 2013, Mr. Burroughs started receiving questionable and conflicting correspondence from Bank of America, along with a call from a representative on behalf of Ruslan Moldavskiy. Mr. Jones telephoned him on June 12, 2013 and immediately began speaking in a disrespectful tone and lack of professionalism. The conversation was terminated and Making Home Affordable was contacted as soon as possible. Mr. Burroughs was informed by an MHA agent on June 17, 2013 that his case could not be addressed due to an MHA policy stating communication with Bank of America must take place 2 weeks prior to the foreclosure sale date of July 2, 2013. Calling back on June 25th, the original representative by the name of Burt reviews the case thoroughly before contacting Bank of America only to discover that their policy, along with Bank of New York Mellon, was NOT to negotiate within 2 weeks prior to foreclosure. Taking note of this, and other inconsistencies with the account (i.e. denial of modification due to the bank losing documentation), the MHA representative launched an internal investigation and the

foreclosure sale was postponed without giving advance notice to Mr. Burroughs. This type of confusion and trickery caused an unnecessary bankruptcy filing. Conflicting correspondence continued and is documented in this exhibit to show Bank of America's unethical tactics to deceive and mislead and intimidate their customers. {Exhibit "G"}

9. Following several failed attempts to seek recourse with Bank of America, a case is opened with The Consumer Financial Protection Bureau (No. 130624-000171) after Mr. Burroughs was informed by the Federal Trade Commission to do so, yet no action was taken to have Bank of America stop their unprofessional behavior. In November 2013 Mr. Burroughs was informed that his home would face foreclosure in January the following year and his only option was to file Chapter 13 given the stress and anxiety that his previous dealings had brought about. In December it was discovered that Mr. Burroughs' mother was diagnosed with extreme dementia and early stages of Alzheimer's. This and other matters contributed to the decision for affiant to file Chapter 13 on January 7, 2014, and to personally stop the foreclosure sale at The Dekalb County Court House. In doing so, all bona fide purchasers (BFPs) were made aware of defects of title by Mr. Burroughs, who silenced all parties involved to give witness to the facts. Acting in good faith, Mr. Burroughs submitted the Revocation of Power of Attorney (filed 8/29/13) and Chapter 13 Bankruptcy paperwork to an Auction.com supervisor. Mr. Burroughs then waited on cite in sub zero temperatures until a verbal confirmation was given his home would be removed from the auction list. On January 9, 2014 a notice was given by Invitation Homes that they were the new owner of the property, causing the matter to be justly contested twice in Bankruptcy court by way of arguing the sale was void, citing examples that all BFPs were informed of defects, as well as Mr. Burroughs justly giving reference to the January 7th filing being 5 days outside of that one year window set on January 2nd, 2013. {Exhibit "H"}

10. Mr. Burroughs obtains all assignments for his property and submits them as evidence to support his claim of fraud. The first two assignments (pg. 388 & pg. 598) being inconsistent of one

another, with the DEED UNDER POWER being processed in Allegheny County, Pennsylvania at one of Bank of America's two "foreclosure mills" well known for over 60% flawed or misrepresented documentation being employed with fraudulent transactions. {Exhibit "I"}

11. WHEREFORE, Affiant wishes to close at present, offering these facts:

A.) Sheila Bair's testimony before leaving her post as Chair of the Federal Deposit Insurance Corporation. Her remarks to the Senate Committee on the flawed banking process regarding the fraud to have "...potentially infected millions of foreclosures, and the damages to be assessed against these operations could be significant and take years to materialize."

B.) That not one single significant prosecution where guilt was admitted and appropriate punitive damages paid is so profound, it infects the credibility of the banking industry world wide as a whole to this day, creating a lack of reputation and trust that no bail out or quickly negotiated settlement will ever overshadow. The fact that the present day economy has required over $1.5Trillion in Quantitative Easing III is alarming, even when only analyzing from a perspective that the act is unprecedented in this country's rich and vibrant history. That such endless corporate welfare be employed even five years after the 2008 Financial Crisis, is evidence enough that something is very wrong on all major levels of both the government and private industries.

C.) Prophetic words from Thomas Jefferson when he proclaimed the following:

***"I believe that banking institutions are more dangerous than standing armies. If The American People ever allow private banks to control the issue of currency...(The Federal Reserve, et al)***
***The banks and corporations that grow up around them will deprive the people of their property until their children wake up homeless on the continent their fathers conquered."***

Plaintiff directs The Court to witness the millions of foreclosures in Georgia alone where less than 50,000 homeowners have received a loan modification in a state that has ranked 5th in foreclosures since 2006. The industry and judicial system that has grown up around this extensive fraud has broken up homes, eroded communities, and left a wake of financial destruction that extends far beyond the monetary. This scheme to implement a type of Slavery By Debt harkens back to the reason why our Founding Fathers made a Declaration of Independence, and it is for the same undisputed reasons why Plaintiff petitions The Court to give fair credence to this case.

FURTHER THE AFFIANT SAITH NOT.

I understand that I am swearing or affirming under oath and under the penalty of perjury as to the truthfulness of the claims made in this affidavit.

Dated: April 15th, 2014

NICHOLAS J. BURROUGHS

STATE OF GEORGIA
COUNTY OF DEKALB

Sworn to or affirmed and signed before me on April 15, 2014.

THOMAS SAO JUSU
Notary Public, Georgia
Dekalb County
My Commission Expires
February 06, 2017

NOTARY PUBLIC
My Commission Expires: 2/6/17

049784826 Identification Number & Type GA Driver's License

***EXHIBIT A***

# WARRANTY DEED

**STATE OF GEORGIA**

**COUNTY OF DEKALB**

THIS INDENTURE, made this 31st day of March, 2005, between

**GREENWOOD HOMES, INC.**

of the County of Fulton, and the State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

**NICHOLAS BURROUGHS**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

W I T N E S S E T H that: Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 110 of the 15th District, DeKalb County, Georgia, being Lot 27, Boulder Walk, Phase II, as per plat recorded in Plat Book 137, pages 29 through 34, inclusive, DeKalb County, Georgia records, which plat is incorporated herein and made a part hereof by reference, being improved property known as 1531 Boulder Walk Drive, Atlanta, GA 30316.

SUBJECT to restrictive covenants and general utility easements of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in Fee Simple.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written

Signed, sealed and delivered in the presence of :

Witness

Greenwood Homes, Inc.

BY ____________________ (SEAL)
Charles M. Beaty,
Vice President

(Corporate Seal)

Notary Public

My Commission Expires

SCOTT H. KAPLAN NOTARY PUBLIC EXPIRES GEORGIA MAY 25, 2008 FULTON COUNTY

(SELT-16947 PL D/SELT-16947/5)

LIEN BOOK 1438 Pg 489
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia
Deed Book 17553 Pg
Linda Carter
Clerk of Superior Court
Dekalb County, Georgia

SCHEDULE "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 110 OF 15TH DISTRICT DEKALB COUNTY, GEORGIA, BEING LOT 27, BOULDER WALK, PHASE II, AS PER PLAT RECORDED IN PLAT BOOK 137, PAGES 29 THROUGH 34, INCLUSIVE, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENT, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

KNOWN AS: 1531 BOULDER WALK DR SE

PARCEL: 15-110-03-042

Deed Book 17279 Pg 18
Filed and Recorded Apr-05-2005 09:10am
2005-0072626
Georgia Intangible Tax Paid $687.50
Linda Carter
Clerk of Superior Court
Dekalb County, Georgia

Return To:

AMERICAN MORTGAGE NETWORK, INC.
P. O. BOX 85163
SAN DIEGO, CALIFORNIA 92186

Prepared By:
TORI REPPERT EXT 230

[Space Above This Line For Recording Data]

# SECURITY DEED

LOAN NO. 205-203035
MIN 1001310-2050203035-4

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 31, 2005, together with all Riders to this document.

(B) "Borrower" is

NICHOLAS BURROUGHS

Borrower is the grantor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is AMERICAN MORTGAGE NETWORK, INC., A DELAWARE CORPORATION

Lender is a CORPORATION
organized and existing under the laws of THE STATE OF DELAWARE .
Lender's address is P. O. BOX 85463, SAN DIEGO, CA 92186

(E) "Note" means the promissory note signed by Borrower and dated MARCH 31, 2005 .
The Note states that Borrower owes Lender TWO HUNDRED TWO THOUSAND FOUR HUNDRED AND 00/100 Dollars
(U.S. $ 202,400.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than APRIL 01, 2035 .
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- [ ] Adjustable Rate Rider
- [ ] Balloon Rider
- [ ] VA Rider
- [ ] Condominium Rider
- [X] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Second Home Rider
- [ ] 1-4 Family Rider
- [ ] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used

SUNTRUST

*08808974500005758DOT*

# SECURITY DEED

**MAXIMUM LIEN. The lien of this Security Deed shall not exceed at any one time $25,000.00.**

**THIS SECURITY DEED dated May 4, 2005, is made and executed between NICHOLAS J BURROUGHS, whose address is 1531 BOULDER WALK DR RD, ATLANTA, GA 30316 (referred to below as "Grantor") and SunTrust Bank, whose address is 1945 The Exchange - Suite 250, Atlanta, GA 30339 (referred to below as "Lender").**

GRANT OF SECURITY DEED. FOR AND IN CONSIDERATION of the financial accommodations to Grantor by Lender resulting in the obligation which is hereinafter more particularly described, and in order to secure that obligation, Grantor hereby grants, bargains, conveys, transfers, assigns and sells to Lender all of Grantor's right, title, and interest in and to the following described real property: **The Real Property is located in DEKALB County, State of Georgia and is described as follows:**

**See the exhibit or other description document which is attached to this Security Deed and made a part of this Security Deed as if fully set forth herein.**

TOGETHER WITH ANY AND ALL of the following: (i) all buildings, structures and improvements now or hereafter located on the real property or on any part or parcel thereof and all fixtures affixed or attached, actually or constructively, thereto; (ii) all and singular the tenements, hereditaments, easements and appurtenances belonging thereunto or in any wise appertaining thereto and the reversion and reversions, remainder or remainders thereof; (iii) all Rents accruing therefrom, whether now or hereafter due; (iv) all accounts and contract rights now or hereafter arising in connection with any part or parcel thereof or any buildings, structures or improvements now or hereafter located thereon, including without limitation all accounts and contract rights in and to all leases or undertakings to lease now or hereafter affecting the land or any buildings, structures, or improvements thereon; (v) all minerals, flowers, crops, trees, timber, shrubbery and other emblements now or hereafter located thereon or thereunder or on or under any part or parcel thereof; (vi) all estates, rights, title and interest therein, or in any part or parcel thereof; (vii) all equipment, machinery, apparatus, fittings, fixtures, furniture, furnishings, mobile homes, modular homes and all personal property of every kind or description whatsoever now or hereafter located thereon, or in or on the buildings, structures and improvements thereon, and used in connection with the operation and maintenance thereof, and all additions thereto and replacements thereof; and (viii) all building materials, supplies, goods and equipment delivered thereto and placed thereon for the purpose of being affixed to or installed or incorporated or otherwise used in the buildings, structures or other improvements now or hereafter located thereon or any part or parcel thereof.

**The Real Property or its address is commonly known as 1531 BOULDER WALK DR, ATLANTA, GA 30316.**

**REVOLVING LINE OF CREDIT. This Security Deed secures the Indebtedness including, without limitation, a revolving line of credit, which obligates Lender to make advances to Grantor up to the maximum principal indebtedness of $25,000.00 so long as Grantor complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Security Deed secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in this Security Deed and any intermediate balance. The maturity date of the Credit Agreement is May 4, 2025.**

**THIS SECURITY DEED, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS SECURITY DEED. IT IS THE INTENTION OF GRANTOR AND LENDER TO CREATE A PERPETUAL OR INDEFINITE SECURITY INTEREST IN THE REAL PROPERTY DESCRIBED IN THIS SECURITY DEED PURSUANT TO O.C.G.A. 44-14-80 AND TO AGREE THAT TITLE SHALL NOT REVERT TO GRANTOR FOR A PERIOD OF SEVEN (7) YEARS FROM THE MATURITY DATE OF THE DEBT OR DEBTS SECURED BY THIS SECURITY DEED. HOWEVER, NOTHING IN THIS PARAGRAPH WILL IMPAIR LENDER'S RIGHTS TO COLLECTION OF THE INDEBTEDNESS AND FORECLOSURE OF THE SECURITY INTEREST IF THE INDEBTEDNESS IS NOT REPAID WHEN DUE. THIS SECURITY DEED IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Security Deed, Grantor shall pay to Lender all amounts secured by this Security Deed as they become due and shall strictly perform all of Grantor's obligations under this Security Deed and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any

# ANNUAL NOTICE OF ASSESSMENT

**DeKalb County**
Property Appraisal Department
120 West Trinity Place, Room 208
Decatur, GA 30030 PHONE (404) 371-0841

| |
|---|
| Notice Date: 05/28/2013 |
| **This is not a tax bill** **Do not send payment** |
| Last Date to File Appeal: **07/12/2013** |
| County property records are available online at: dekalbcountyga.gov/propappr |
| **OFFICIAL TAX MATTER - 2013 ASSESSMENT** |

****************AUTO**5-DIGIT 30316
BURROUGHS NICHOLAS
1531 BOULDER WALK DR SE
ATLANTA, GA 30316-3987

21870/1/58/1

**The amount of your ad valorem tax bill for the year shown above will be based on the appraised (100%) and assessed (40%) values specified in this notice. You have the right to appeal these values to the County Board of Tax Assessors. All documents and records used to determine the current value are available on request. Additional information on the appeal process may be obtained at https://etax.dor.ga.gov/PTD/adm/taxguide/appeals.aspx**

**At the time of filing your appeal you must select one of the following options:**

**(1) Appeal to the County Board of Equalization with appeal to the Superior Court. (value, uniformity, denial of exemption, taxability)**
**(2) To arbitration without an appeal to the Superior Court (valuation is the only grounds that may be appealed to arbitration)**
**(3) For a parcel of non-homestead property with a FMV in excess of $1 million, to a hearing officer with appeal to the Superior Court.**

**If you wish to file an appeal, you must do so in writing no later than 45 days after the date of this notice. If you do not file an appeal by this date, your right to file an appeal will be lost. Appeal forms which may be used are available at http://web.co.dekalb.ga.us/PropertyAppraisal/appeal.html**

For further information on the proper method of filing an appeal, you may contact the DeKalb County Board of Tax Assessors which is located at 120 West Trinity Place, Room 208, Decatur, GA 30030 and which may be contacted by telephone at: (404) 371-0841. Your staff contacts are M. DAVID LANE (404) 371-2549 and BRIAN JENNINGS (404) 371-2808

| Account Number | Property ID Number | Acreage | Tax Dist | Covenant Year | Homestead |
|---|---|---|---|---|---|
| 4507311 | 15 110 03 042 | .60 | UNINCORP | | YES - H1F |
| Property Description | R3 - RESIDENTIAL LOT | | | | |
| Property Address | 1531 BOULDER WALK DR | | | | |

| Fair Market Value | Returned Value | Previous Year Value | Current Year Value | Other Value |
|---|---|---|---|---|
| 100% Fair Market Value | | 152,100 | 152,100 | |
| 40% Assessed Value | | 60,840 | 60,840 | |

**REASONS FOR NOTICE**

Annual Assessment Notice required by GA Law (OCGA-48-5-306)
Based on the following: Review, Property Return or Audit

**The estimate of your ad valorem tax bill for the current year is based on the previous year's millage rate and the fair market value contained in this notice. The actual tax bill you receive may be more or less than this estimate. This estimate may not include all eligible exemptions.**

| Taxing Authority | Taxable Assessment | X 2012 Millage | = Gross Tax Amount | - Frozen Exemption | - CONST-HMST Exemption | - Host Credit | = Net Tax Due |
|---|---|---|---|---|---|---|---|
| COUNTY OPNS | 60,840 | .010430 | 634.56 | .00 | 104.30 | 312.86 | 217.40 |
| HOSPITALS | 60,840 | .000940 | 57.19 | .00 | 9.40 | 28.20 | 19.59 |
| COUNTY BONDS | 60,840 | .000700 | 42.59 | .00 | .00 | .00 | 42.59 |
| UNIC BONDS | 60,840 | .001720 | 104.64 | .00 | .00 | .00 | 104.64 |
| FIRE | 60,840 | .003290 | 200.16 | .00 | 32.90 | 98.69 | 68.57 |
| UNIC TAXDIST | 60,840 | .000380 | 23.12 | .00 | 3.80 | 11.40 | 7.92 |
| POLICE SERVC | 60,840 | .003750 | 228.15 | .00 | 37.50 | 112.49 | 78.16 |
| SCHOOL OPNS | 60,840 | .023980 | 1,458.94 | .00 | 299.75 | .00 | 1,159.19 |
| STATE TAXES | 60,840 | .000200 | 12.17 | .00 | .40 | .00 | 11.77 |
| STREET LIGHT | | | 26.88 | | | | 26.88 |
| DEKALB SANI | | | 265.00 | | | | 265.00 |
| STORMWTR FEE | | | 48.00 | | | | 48.00 |
| Estimate for County | | .045390 | 3,101.40 | .00 | 488.05 | 563.64 | 2,049.71 |
| **Total Estimate** | | **.045390** | **3,101.40** | **.00** | **488.05** | **563.64** | **2,049.71** |

***EXHIBIT B***

# Force Management Program (FMP) Checklist

CWA/IBEW Collective Bargaining Agreements

Dear Employee and Supervisor,

This is an abbreviated checklist to assist you in tracking activities and critical dates during this surplus declaration. Blank spaces are provided for you to note the actual dates associated with specific activities or actions during the surplus process. ***Supervisors must provide employees with these dates, which can be obtained from your Force Management Coordinator.***

## Voluntary Period
## Dates: 07/12/05 to 08/10/05

**Date Announced to Employee: July 12, 2005**
This is the beginning of the Voluntary Period. Employees should receive and review the Occupational Communication Package (OCP). The AT&T Option Program (ATTOP) is detailed in the OCP and employees should use the voluntary period to determine if they wish to leave the payroll voluntarily by electing one of the options.

**Date ATTOP Forms Due: August 10, 2005**
Employees who volunteer to leave the payroll by electing one of the ATTOP options MUST complete and fax the ATTOP Employee Request Form to the OCPC office listed on the back of the form. The ATTOP request forms can be found in the OCP, Special Leave Program (SLP) or Extended Compensation Option (ECO) booklets.

***This is your last opportunity to submit an ATTOP Request Form. Forms received after this date will not be accepted.***

Employees requesting Transitional Leave of Absence (TLA) without ECO should return the application to the Pension Service Center, address is listed on the application form.

## Involuntary Period
## Dates: 08/11/05-09/09/05

**Date ATTOP Confirmed: August 11, 2005**
Supervisors should notify employees who requested an ATTOP Option with the status of their request within two business days of this date.

**Date of Non-Participation Job Claiming Form* Due: August 16, 2005 NOON**
Employees who DO NOT elect to job claim MUST complete this form and return it to the OCPC. Employees who have been confirmed for an ATTOP option should not return this form.

**Date Job Claiming List Form* Due: August 23, 2005 NOON**
All employees on the Job Claiming Volunteer List MUST return this form to the OCPC.

**Date Job Offers Made to the Job Claimers: August 23 thru August 24, 2005**
Supervisor with vulnerable employees should notify individuals whose jobs were claimed within three business days of completion of job claiming. Supervisors with employees who have claimed a job should provide them with reporting details within five business days of the completion of job claiming.

**Date ATTOP Forms Due: August 29, 2005**
Employees who are displaced (i.e, "bumped") during the job claiming process during the Involuntary Period of the surplus declaration and have elected one of the ATTOP options MUST complete and fax the ATTOP Employee Request Form to the OCPC office listed on the back of the form. The ATTOP request forms can be found in the OCP, Special Leave Program (SLP) or Extended Compensation Option (ECO) booklets.

**Date Stream Payment Form**Due: August 29, 2005**
**Employees leaving the payroll with involuntary termination pay who elect to receive "stream" payments or two equal payments (CWA ONLY) must complete and return this form to the OCPC. The Authorization for Termination Allowance Stream Payment form can be found in the Involuntary Separation Package.** *Employees who do not return this form will receive termination pay in a lump sum.*

**Resolution /Last Day on Payroll Date: September 9, 2005**
* Form provided to employee by supervisor
** Not applicable to employees confirmed for ECO or SLP

**NOTE: This document supercedes previous 8/99 issue**

# *EXHIBIT C*

BNY MELLON SHAREOWNER SERVICES
ATTN: SHAREOWNER SERVICES
PO BOX 1810
Manchester, CT 06045

BNY MELLON
SHAREOWNER SERVICES

1858972 01 AT 0.346 **AUTO T8 0 3880 30316 48

NICHOLAS J BURROUGHS
1531 BOULDER WALK DR SE
ATLANTA GA 30316-3987

September 15, 2008

Dear Sir or Madam,

We are writing to let you know that computer tapes containing some of your personal information were lost while being transported to an off-site storage facility by our archive services vendor. While we have no reason to believe that this information has been accessed or used inappropriately, we deeply regret that this incident occurred and we wanted to explain the precautionary steps we have taken to help protect you.

First, as background: BNY Mellon Shareowner Services provides stock transfer agency, employee plan administration and related services for issuers of securities such as publicly traded corporations. In the delivery of these services, we are required to maintain personal information on a large number of individuals, like you, who own securities, have owned securities in the past, or are participants in or previously have been participants in an organization's equity compensation plan.

Protecting the confidentiality of this information - and all of our clients' information - has long been a top priority at The Bank of New York Mellon. However, in late February 2008, our archive services vendor notified us that they could not account for one of several boxes of data backup tapes being transported to an off-site storage facility. The missing tapes held certain personal information, such as your name, address, Social Security number and/or shareowner account information.

**Please note that while the timing of this notice was affected by our forensic investigation into the nature and scope of this incident, based on information received to date, we have no reason to believe your information has been or will be improperly accessed or misused as a result of this incident.** We understand, however, that you may have questions and concerns. That is why we are offering you and other impacted individuals a free credit monitoring product, Triple Alert℠, for 24 months to help you detect possible misuse of your data. If you choose to enroll in this product, you must activate your credit monitoring membership within 90 days from the date of this letter by visiting **http://partner.consumerinfo.com/alert** and using your **unique single-use activation code EXCMKWEAQ**. In addition, if you place a credit freeze on your credit file within 90 days from the date of this letter, we will reimburse you for the cost of the initial placement and one removal of the credit freeze. Please see the reverse side of this letter to learn more about this product and important enrollment and reimbursement instructions.

We also want to encourage you to call our dedicated toll-free number at 1-877-289-0136 or to visit our Web site at **http://www.bnymellon.com/tapequery** for additional information and answers to the more frequently asked questions.

Please know that we take the protection of your personal information very seriously and have implemented a number of additional safeguards that will help prevent a similar occurrence. We sincerely regret any inconvenience or concern caused by this incident.

Sincerely,

Investor Care Response Team
1-877-289-0136

Case 1:14-cv-01129-JEC Document 6-1 Filed 05/07/14 Page 26 of 38

**Rock Hill Herald Online**

Next Story >

**Coherent to Present at the Stifel Nicolaus 11th Annual Technology Conference**

# BNY Mellon Named Largest Fund of Hedge Fund Administrator

Published: January 29, 2013

By BNY Mellon

LONDON, Jan. 29, 2013 -- /PRNewswire/ -- BNY Mellon, the global leader in investment management and investment services, has been recognised as the world's largest Fund of Hedge Fund (FoHF) administrator in HFMWeek's bi-annual administrator survey.

BNY Mellon saw its FoHF assets under administration rise by $20 billion to $130.6 billion in the six months to October 2012, demonstrating considerable growth in what has been a challenging period for the FoHF industry, with overall assets under management down by 2%, falling from $1.09 trillion to $1.07 trillion.

Marina Lewin, global head of sales for BNY Mellon *Alternative Investment Services,* said: "We've been able to benefit from increasing moves toward outsourcing as funds of hedge funds continue to strengthen their operational infrastructure. The notable rise in our assets under administration the past six months reflects the quality of our service and technology offering, which enables clients to focus on generating investment returns in tough market conditions.

"Our ability to be a full service provider to FoHFs – which have expanded their products, services and distribution channels – has proven an effective differentiator for us. The alternatives industry continues to evolve from both a regulatory and investor perspective, and our focus remains on guiding clients through this change and supporting their business growth," Lewin added.

HFMWeek is an international publication serving the hedge fund community, read by over 5,500 alternative fund managers - predominantly CFOs and managing partners - and their key advisors across the globe. The survey covered all 64 administration firms in the fund of hedge fund space.

BNY Mellon is a leading administrator of alternative assets, including single manager hedge funds, funds of hedge funds, and private equity, with more than $575 billion of alternative assets under administration and custody and an extensive global presence. BNY Mellon also offers a wide range of cash management, foreign exchange, collateral management, corporate trust, and wealth management services to the alternative investment industry.

BNY Mellon is a global financial services company focused on helping clients manage and service their financial assets, operating in 36 countries and serving more than 100 markets. BNY Mellon is a leading provider of financial services for institutions, corporations and high-net-worth individuals, offering superior investment management and investment services through a worldwide client-focused team. It has $26.7 trillion in assets under custody and administration and $1.4 trillion in assets under management, services $11.4 trillion in outstanding debt and processes global payments averaging $1.5 trillion per day. BNY Mellon is the corporate brand of The Bank of New York Mellon Corporation (NYSE: BK). Learn more at www.bnymellon.com or follow us on Twitter @BNYMellon.

This press release is issued by The Bank of New York Mellon to members of the financial press and media. All information and figures source BNY Mellon unless otherwise stated as at September 30, 2012. The Bank of New York Mellon, London Branch, registered in England and Wales with FC005522 and BR000818 Branch office:

***EXHIBIT D***

Countrywide
HOME LOANS
*P.O. Box 8128*
*Lancaster, CA 93539*

**Notice Date:** February 27, 2009

**Account No.:** 92234033

Nicholas Burroughs
1531 Boulder Walk Dr Se
Atlanta, GA 30316

**Property Address:**
1531 Boulder Walk Drive
Atlanta, GA 30316

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

We recently received your request to locate a payment that was not applied to your account.

**WHAT YOU NEED TO DO**

In order for us to research your request, please send a readable copy of the front and back of the cancelled check for the applicable payment within 10 days. Please make sure to write your loan number on each correspondence and fax it to (800) 595-8797, or you may mail it to:

Countrywide Home Loans
Payment Research
P.O. Box 8128
Lancaster, CA 93539

Once we receive the cancelled check, we will notify you of the outcome of our research and make any appropriate corrections. You may disregard any delinquency notices related to the payment(s) in question until our research has been completed. In the event your payment was misapplied, we will waive any applicable late charges and/or delinquent credit reporting on your account.

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at Countrywide Home Loans and we hope to resolve this matter quickly. It is our continued goal to provide our customers with the highest level of customer satisfaction.

If you need further assistance, please contact our Customer Service Department directly at (800) 669-6607.

Bank/Branch Copy Not Negotiable

SUNTRUST

**Official Check**

64-79/611

8835872661

Purchaser M. J. Burroughs

Date Dec. 5, 2008

Initials (type) 132755 Center 1587583

PAY ****$1,100.00****

$ **1,100.00**

To the Order of Country Wide Acct: 92234033

SunTrust Banks, Inc. by its Authorized Agent SunTrust Bank

Non-Negotiable

Authorized Signature

Payable at SunTrust Bank

⑈8835872661⑈

---

Countrywide HOME LOANS

PAYMENT PROCESSING CUSTOMER SERVICE: (800) 669-6607

#1788

Schedule your payment on the day you want.

Log in at http://customers.countrywide.com

Click on Payment Services and enroll in MortgagePay.

Today's Date 12/05/08

Loan No: 92234033

Payment Amount $ 1,100.00

Because you are a valued customer, Countrywide will accept your payment for routing to Countrywide's Payment Processing Center. Payments are not posted to your account until they arrive at the processing center. Countrywide reserves the right to reject your payment if (1) your loan is delinquent, (2) Countrywide has agreed to different payment arrangements with you, (3) your payment is less than what is owed to Countrywide, or (4) your payment is made in cash.

CUSTOMER COPY

F-2552 (3/08)

***EXHIBIT E***

LAW OFFICES
McCURDY & CANDLER, L.L.C.
SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1999)

MAILING ADDRESS:
Post Office Box 57
Decatur, Georgia 30031
TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232
WEBSITE: WWW.MCCURDYCANDLER.COM

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
CHRISTIE B. HENNINGS
DEBORAH Y. CHANDLER
FRANK R. OLSON*
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
OF COUNSEL:
REBECCA A. HOELTING
MARGARET C. COURTRIGHT
FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)
*ALSO ADMITTED IN TENNESSEE

April 23, 2009

Certified Mail
Return Requested 7008 3230 0000 0934 1334
and Regular Mail

Nicholas Burroughs
1531 Boulder Walk Drive
Atlanta, GA 30316

RE: NOTICE OF FORECLOSURE SALE ENCLOSED
Our File No.: 09-08866
Loan No.: 92234033
Borrower Name: Nicholas Burroughs
Property Address: 1531 Boulder Walk Drive
Atlanta, GA 30316

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

*Servicer: Countrywide Home Loans*
*Address: 7105 Corporate Drive*
*Plano, TX 75024*
*Phone Number: Jill Balentine 8882197773*

**Creditor: Mortgage Electronic Registration Systems, Inc.**

Dear Sir or Madam:

By letter dated April 23, 2009, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

# NOTICE OF SALE UNDER POWER

GEORGIA, DEKALB COUNTY

Because of default in the payment of the indebtedness, secured by a Security Deed executed by Nicholas Burroughs to Mortgage Electronic Registration Systems, Inc. dated March 31, 2005 in the amount of $202,400.00, and recorded in Deed Book 17279, Page 18, DeKalb County, Georgia Records; as last transferred to Mortgage Electronic Registration Systems, Inc. by assignment; the undersigned, Mortgage Electronic Registration Systems, Inc. pursuant to said deed and the note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said deed, will on the first Tuesday in June, 2009 , during the legal hours of sale, at the Courthouse door in DeKalb County, sell at public outcry to the highest bidder for cash, the property described in said deed to-wit:

All that tract or parcel of Land Lying and being in Land Lot 110 of the 15th District, DeKalb County, Georgia, being Lot 27, Boulder Walk, Phase II, as per Plat recorded in Plat Book 137, Pages 29 through 34, inclusive, DeKalb County, Georgia records, which Plat is incorporated herein and made a part hereof by reference, being improved property known as 1531 Boulder Walk Drive, Atlanta, GA, 30316.

which has the property address of 1531 Boulder Walk Drive, Atlanta, Georgia., together with all fixtures and other personal property conveyed by said deed.

The sale will be held subject to any unpaid taxes, assessments, rights-of-way, easements, protective covenants or restrictions, liens, and other superior matters of record which may affect said property.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

Notice has been given of intention to collect attorneys' fees in accordance with the terms of the note secured by said deed.

Said property will be sold as the property of Nicholas Burroughs and the proceeds of said sale will be applied to the payment of said indebtedness, the expense of said sale, all as provided in said deed, and the undersigned will execute a deed to the purchaser as provided in the aforementioned Security Deed.

Mortgage Electronic Registration Systems, Inc.
Attorney in Fact for
Nicholas Burroughs

Anthony DeMarlo, Attorney/ajackson
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com
File No. 09-08866 /CONV
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

FILED
05/29/2009
3:33 PM

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 05/29/2009 at 3:33 PM and filed on 05/29/2009.

**Nicholas J. Burroughs**
1531 Boulder Walk Drive
Atlanta, GA 30316
SSN / ITIN: xxx-xx-4397

The case was filed by the debtor's attorney:

**Bernd G. Stittleburg**
Stittleburg Law Offices, LLC
Suite A
1854 Independence Square
Dunwoody, GA 30338
(770) 396-4323

The case was assigned case number 09-73715.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office, 1340 Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**W. Yvonne Evans**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |

SUNTRUST

# Combined Tax Statement for Calendar Year 2010

Form 1098 OMB No. 1545-0901

## Mortgage Interest Statement

JNTRUST BANK
.O. BOX 622227
RLANDO FL 32862-2227

PAYER'S/BORROWER'S name, address and ZIP code

NICHOLAS J BURROUGHS
1531 BOULDER WALK DR SE
ATLANTA GA 30316-3987

| | |
|---|---|
| CIPIENT'S/LENDER'S federal identification number 59-3482833 0175 | |
| tomer Service phone number 800-786-8787 | PAYER'S social security number XXX-XX-4397 |

| ount number (see instructions) | Account type | IRS description | IRS Box # | Amount |
|---|---|---|---|---|
| B08974500005758 | LOAN | | | |
| MORTGAGE INTEREST RECEIVED FROM PAYER(S)/BORROWER(S)* | | | 1 | 941.34 |

ctions for Payer/Borrower
son (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, ed from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.
u received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution ounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable eduction. Each borrower may have to include in income a share of any amount reported in box 3.
ur mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E w to report the mortgage interest. Also, for more information, see Pub. 936 and Pub. 535.
's/Borrower's identification number. For your protection, this form may show only the last four digits of your SSN, ITIN, or ATIN. However, the issuer has reported your complete ication number to the IRS and, where applicable, to state and/or local governments.
nt number. May show an account or other unique number the lender has assigned to distinguish your account.
. Shows the mortgage interest received during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: *If you prepaid interest in 2010 that accrued in full by January 15, 2011, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2010 even though it may be included in box 1.* If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.*
Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 2 may also be deductible. See Pub. 936 to figure the amount you can deduct.
Do not deduct this amount. It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other Income" line of your 2010 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and *Itemized Deduction Recoveries* in Pub. 525.
Shows mortgage insurance premiums which may qualify to be treated as deductible mortgage interest. See the Schedule A (Form 1040) instructions.
The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

| | |
|---|---|
| 3 For Payer/Borrower<br>formation in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file n, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you ted a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.<br>on: *The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured ty may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by r person.* | Total mortgage interest/points paid<br>941.34 |

: (12/10)

**Read below to see if you are eligible for a mortgage modification – and a more affordable mortgage payment.**

**If so, send us your information to apply today.**

Nicholas Burroughs

1531 BOULDER WALK DRIVE
Atlanta, GA 30316

**Loan Number: 92234033** **October 28, 2010**

Dear Nicholas Burroughs :

Thank you for your recent request to discuss your home loan needs. You may be seeing and hearing a lot about mortgage modifications as a way to make your mortgage payments more affordable. Modifications have provided relief to many homeowners and, as your mortgage servicer, we want to make you aware of this option so you can determine if a modification could be right for you.

You may be **eligible for the Home Affordable Modification Program**, an initiative sponsored by the federal government to help homeowners who are finding it difficult to make their mortgage payment. Under this program, we will review your current financial situation to determine if we can help you modify your mortgage to give you a new, more affordable mortgage payment.

To be eligible for the Home Affordable Modification Program, homeowners need to meet certain criteria.
See the questions below:

1. Is your home your primary residence? Do you currently live in the home?
2. Is the amount you owe on your first mortgage equal to or less than $729,750 for a single-family home, $934,200 for a 2 unit property, $1,129,250 for a 3 unit property or $1,403,400 for a 4 unit property?
3. Are you having trouble paying your mortgage? (For example, have you had a significant increase in your mortgage payment OR reduction in your income OR other hardship that has impacted your income?)
4. Did you obtain your current mortgage before January 1, 2009?
5. Is your payment on your first mortgage (including principal, interest, taxes, insurance and homeowner's association dues, if applicable) more than 31% of your current gross income? To calculate this, divide your first mortgage payment by your gross income (your income before taxes).

**If you answered "yes" to all of these questions, we encourage you to take the next step and apply for the Home Affordable Modification Program today.**

To do that, please send us the financial documents listed on the checklist by November 12, 2010. We have included a pre-paid envelope for your convenience.

We want you to know that sending us your financial information helps us determine if you are eligible for the Home Affordable Modification Program. It in no way binds or obligates you to participate in the program.

In order to expedite your loan modification process, BAC Home Loans Servicing, LP is working with a third party company, Home Retention Services, Inc. Federal law requires that we communicate to you that Home Retention Services, Inc is a licensed debt collector. However, the purpose of the communication is to let you know about your potential eligibility for this loan modification program that may help you bring or keep your loan current through more affordable payments. Please see the enclosed insert for important disclosures from Home Retention Services, Inc.

**We need important information before we can determine if you are eligible for the federal government's Home Affordable Modification Program.**

**We must receive it by February 23, 2011.**

Nicholas Burroughs
1531 BOULDER WALK DRIVE
ATLANTA, GA 30316

**Loan Number: 92234033**

January 24, 2011

Dear Nicholas Burroughs:

Thank you for your interest in the federal government's Home Affordable Modification Program. The process requires we receive certain financial information from you. This information will enable us to verify if your loan is eligible or to begin the process toward a permanent home loan modification and a more affordable monthly mortgage payment.

As of now, we are **missing the required documents.** We cannot complete our eligibility review until we receive the following information from each borrower by **February 23, 2011.**

- Signed copy of the most recently filed federal tax return with all schedules
- Copies of two most recent bank statements for two consecutive months
- For rental income, a copy of your rental agreement if you did not include this income on your most recent tax return and copy of two bank statements showing receipt of rent or two canceled rent checks
- A completed and signed Dodd-Frank Certification Form

**Please note: Keep a copy of all documents for your records. Do not send original income documentation.**

Please complete and fax the remaining documentation to us at 1.866.270.0620 or send to us using the enclosed FedEx envelope. **We must receive this information no later than February 23, 2011.** Once we receive your remaining documentation, we will notify you of the next steps in the process.

**We want you to know that if we do not receive the requested information by February 23, 2011, you will no longer be eligible for the Home Affordable Modification Program and we will resume normal activities for collecting past due loan payments.**

**Important information about foreclosure proceedings**

If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for the Home Affordable Modification Program. However, no foreclosure sale will be conducted and you will not lose your home during the Home Affordable Modification Program evaluation. If we do not receive your documents by February 23, 2011 the hold on a foreclosure sale will be released and foreclosure proceedings will resume.

**Important—Do not ignore any foreclosure notices.**

Do not ignore any foreclosure notices. While you will not lose your home during the loan modification evaluation, to protect your rights under applicable foreclosure law, you may need to respond to foreclosure notices or take other actions. If you have any questions about the foreclosure process and the evaluation of your loan, contact us at 1.800.669.6650.

May 7, 2011

BAC Home Loans Servicing LP
5401 N Beach St
TX2-977-01-34
Fort Worth, TX 76137

NICHOLAS BURROUGHS
1531 BOULDER WALK DRIVE
ATLANTA, GA 30316

Loan Number: 92234033

Dear NICHOLAS BURROUGHS:

We have reviewed your request for a loan modification under the federal government's Home Affordable Modification Program. Unfortunately, your loan is not eligible for the Home Affordable Modification Program for the reason stated below.

We are currently reviewing your financial information to determine if there are other options available to you. These options may include:

- A different modification program that may help you achieve more affordable payments;
- A forbearance program. With this program you could receive lower payments or no payments for a limited number of months to either give you time to resolve your financial difficulties or give us time to work together with you on a more permanent solution;
- A Short Sale. With this program, you agree to sell your home at fair market value and settle your mortgage debt for less than the amount you owe.
- A Deed in Lieu of Foreclosure. With this program, you can avoid the public auction of your home by voluntarily transferring the title or ownership of your property to satisfy your mortgage debt.

Once we have finished reviewing your information, we will contact you within 10 days to let you know what other options are available to you and the next steps you need to take. Please contact us at 1.888.325.5399 if you have questions about these options.

**Reason your loan was not eligible for the Home Affordable Modification Program**

Under the guidelines of the Home Affordable Modification Program:

> You are not eligible for a Home Affordable Modification because you did not provide us with the documents we requested. A notice which listed the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago. We may have also sent you additional notices about missing or incomplete required documents.

According to the guidelines of the Home Affordable Program, you have 30 days to appeal the decision that your loan is not eligible for the program. Please contact us by June 06, 2011 at 1.888.325.5399, if you think that the information used to determine your eligibility is incorrect.

# Important Notice

Name: Nicholas Burroughs

An independent property inspector visited your property on the date and time indicated below.

Date: 6/9/11 Time: 3:30

The purpose of this visit was to determine the occupancy and security condition of your property. This inspection is permitted under your security instrument. It is important that you contact your mortgage company to discuss your account.

Contact: Bank of America

Phone: **(800) 669-6607**

Thank you.

IN# P01162646

Form I-107